UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BILAL I. ALWAN,<br><br>   Plaintiff,<br><br> v.<br><br>CAMDEN COUNTY<br>CORRECTIONAL FACILITY,<br><br>   Defendant. | HONORABLE JEROME B. SIMANDLE<br><br><br>Civil Action<br>No. 16-cv-07438 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES

Bilal I. Alwan, Plaintiff Pro Se
3 6th Ave.
Chesilhurst, NJ 08089

**SIMANDLE, Chief District Judge:**

## Case 1

1. By Complaint dated October 17, 2016 in Case No. 1:16-cv-07340, Plaintiff Bilal I. Alwan sought to bring a civil rights action pursuant to 42 U.S.C. § 1983 against Camden County Correctional Facility ("CCCF") for allegedly unconstitutional conditions of confinement. Complaint in Case 1:16-cv-07340 ("Case 1"), Docket Entry 1.

2. With respect to the alleged facts giving rise to Plaintiff's claims, the Complaint in Case 1 stated: "I was forced to sleep on the floor with overcrowded conditions with four inmates [in] very, very close quarters; we were packed like sardines. The walls and floors are extremely dirty." Complaint § III(C). Complaint § III(C) in Case 1.

3.    The Complaint states that these events caused
Plaintiff to experience "bad colds and a toe infection." *Id*. §
IV.

4.    In Case 1, Plaintiff sought $10,000 in relief.
Complaint § V in Case 1.

5.    Section 1915(e)(2) requires a court to review
complaints prior to service in cases in which a plaintiff is
proceeding *in forma pauperis*. The Court must sua sponte dismiss
any claim that is frivolous, is malicious, fails to state a
claim upon which relief may be granted, or seeks monetary relief
from a defendant who is immune from such relief. Case 1 was
subject to sua sponte screening for dismissal under 28 U.S.C. §
1915(e)(2)(B) because Plaintiff was proceeding *in forma
pauperis*.

6.    In accordance with these directives of the PLRA, this
Court undertook the requisite screening in Case 1 and, by Order
dated February 21, 2017, dismissed Plaintiff's Complaint without
prejudice for failure to state a claim (28 U.S.C. §
1915(e)(2)(b)(ii)). Docket Entry 4("Dismissal Order") in Case 1.

7.    As explained in this Court's February 21, 2017 Opinion
accompanying the Dismissal Order, Plaintiff's Complaint in Case
1 did not allege sufficient facts to support a reasonable
inference that a constitutional violation had occurred in order

to survive this Court's review under § 1915. Docket Entry 4 ("Dismissal Opinion") in Case 1.

8.   Even accepting the statements in Plaintiff's Complaint in Case 1 as true for screening purposes only, there was not enough factual support for the Court to infer that a constitutional violation had occurred in connection with Plaintiff's incarceration.

## Case 2

9.   By Complaint dated October 19, 2016 in Case No. 1:16-cv-07438, Plaintiff sought to bring another civil rights complaint pursuant to 42 U.S.C. § 1983 against the CCCF for allegedly unconstitutional conditions of confinement. Complaint in Case 1:16-cv-07438 ("Case 2"), Docket Entry 1.

10.   With respect to the alleged facts giving rise to Plaintiff's claims (and similar to the Complaint in Case 1), the Complaint in Case 2 states: "I was forced to sleep on the floor with overcrowded conditions with four inmates, very very close quarters; we were packed like sardines; the walls and floors are extremely dirty. In the cafeteria I witnesses mice and roaches run across the serving trays; also in the cell is mice and roaches." Complaint § III(C) in Case 2.

11.   Similar to Case 1, Plaintiff alleges in Case 2 that he was forced to sleep in "very, very close quarters; we were packed like sardines." Complaint § IV in Case 2.

3

12.  As in Case 1, Plaintiff seeks $10,000 in relief. Complaint § V in Case 2.

13.  Plaintiff's Complaint in Case 2 is thus duplicative of Plaintiff's Complaint in Case 1.

14.  "'As part of its general power to administer its docket,' a district court may dismiss a duplicative complaint. *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc) (prohibiting a plaintiff from 'maintaining two separate actions involving the same subject matter at the same time in the same court and against the same defendant') . . . [T]he court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to amendment of complaints, Fed. R. Civ. P. 15." *Fabics v. City of New Brunswick*, 629 F. App'x 196, 198 (3d Cir. 2015).

15.  Therefore, for the reason that Case 2 (No. 16-cv-07438) is duplicative of Case 1 (No. 16-cv-07340), as well as for all of the reasons set forth in this Court's Order and Opinion dated February 21, 2017 in Case 1, the Complaint in Case 2 is: (a) dismissed with prejudice as to the CCCF; and (b) dismissed without prejudice for failure to state a claim.

16.   An appropriate order follows.


**February 28, 2017**                    **s/ Jerome B. Simandle**
Date                                     JEROME B. SIMANDLE
                                         Chief U.S. District Judge